UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-1366-G |
| CHRISTOPHER E. PIPPIN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for summary judgment[1] (docket entry 33). For the reasons set forth below, the plaintiff's motion is granted.

### I. FACTUAL BACKGROUND

This is a tax case. The plaintiff is the United States. Brief in Support of First Amended Motion of United States for Summary Judgment ("Brief") at 1 (docket entry 34). The defendant is Christopher E. Pippin ("Pippin"). *Id.*

---

[1] The plaintiff has also filed a motion to dismiss its claims against the defendant, Maria M. Pippin. Opposed First Amended Motion of United States to Dismiss Maria M. Pippin (docket entry 36). Ms. Pippin apparently opposed the plaintiff's motion but has not timely filed a response. As a result, the plaintiff's motion to dismiss is **GRANTED**.

According to the plaintiff, the defendant filed delinquent federal income tax returns for the years 2004, 2005, and 2006. *Id*. The plaintiff asserts that the defendant owes $704,677.77. *Id*. at 5. In support of its motion, the plaintiff has submitted (1) IRS Form 4340 for the defendant for the years in question, (2) IRS account transcripts for the defendant for the years in question, (3) the defendant's answers to the plaintiff's request for admissions, and (4) the declaration of Revenue Officer Danny Sobities. Appendix to Brief in Support of First Amended Motion of United States for Summary Judgment ("Appendix") (docket entry 35).

## II. LEGAL STANDARD

On May 15, 2012, the United States filed a motion for summary judgment. Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[2] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

   [2]   Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

Rule 56(e) provides the standard under which this court can decide a motion for summary judgment when the nonmoving party files no response. Federal Rule of Civil Procedure 56(e)(2) states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Moreover, the court may "grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3). As a result, "[w]hen a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor." *Jegart v. Roman Catholic Church of Diocese of Houma-Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010).

### III.  CONCLUSION

In this case, the defendant has not filed a response to the plaintiff's motion for summary judgment. The undisputed facts show that the defendant owes the United States taxes, interest, and penalties for his delinquent 2004, 2005, and 2006 tax returns. As a result, the plaintiff's motion for summary judgment is **GRANTED**. Judgment will be entered for the plaintiff.

Within ten days of this date, counsel for the plaintiff shall submit a proposed form of judgment in conformity with this memorandum opinion and order.

**SO ORDERED**.

June 15, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**